UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
INDUSTRIAL CARRIERS INC., :

        Plaintiff, :

   - against - :    07 CV 5640 (PAC)
                                          ECF CASE

FU BAI HANG SHIPPING, :

        Defendant. :
------------------------------------------------------X

## AFFIDAVIT OF LAUREN C. DAVIES FOR JUDGMENT BY DEFAULT

STATE OF CONNECTICUT)
                      )   ss:   SOUTHPORT
COUNTY OF FAIRFIELD )

    LAUREN C. DAVIES, being duly sworn, deposes and says:

    1.     I am a member of the Bar of this Court and an Attorney with the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff, INDUSTRIAL CARRIERS INC. (hereinafter referred to as "ICI" or "Plaintiff"), in the above-entitled action and I am familiar with all the facts and circumstances of this action.

    2.     I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, and Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

    3.     Plaintiff requests that this Court grant its Motion for Default Judgment against Defendant FU BAI HANG SHIPPING (hereinafter referred to as "Fu Bai Hang" or "Defendant") as it has been given due and proper notice of all proceedings against it yet has failed to appear in the action.

4. This is an action for the breach of a maritime contract including failure to pay the agreed upon advance after nomination of the MV MARTHA PROVIDENCE (hereinafter referred to as the "Vessel") and other breaches which resulted in the cancellation of the charter.

5. Specifically, ICI time chartered the Vessel from head owners and was responsible for making the following payments to head owners amounting to the total sum of $796,442.00: $722,475 in hire, $18,967 in fuel expenses and $55,000 in daily allowance expenses at Suriago and the discharge port.

6. The Plaintiff sub-chartered the Vessel to the Defendant by a voyage charter party recap dated April 27, 2007 for a voyage with a cargo of nickel. *See April 27, 2007 recap annexed hereto as Exhibit "1."*

7. The defendant failed to pay the $350,000 advance agreed to in the charter party recap in breach of the charter party that resulted in the cancellation of the charter party.

8. As a result of the failure to pay the agreed upon advance and resulting cancellation, ICI lost $1,131,983.00 in freight that was due and owing to the Plaintiff by the Defendant under the charter party.

9. Therefore, the Plaintiff has suffered damages in the principal amount of $235,541. This figure represents the total amount ICI lost due to the cancellation ($1,131,983.00) minus the amount ICI owed to the head owner under the time charter referenced in paragraph 5 above ($1,131,983.00 - $896,442 = $235,541).

10. This action was commenced on June 13, 2007 by the filing of a Verified Complaint which included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

11. On June 14, 2007, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized the Plaintiff to attach Defendant's property up to the sum of $384,570.76, located within this judicial district and belonging to the Defendant.

12. The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to the Defendant. The Ex-Parte Order and PMAG were served upon the banks.

13. On or about October 11, 2007, Bank of New York confirmed that it had restrained $300,000 of Fu Bai Hang's funds in response to the June 14, 2007 Ex-Parte Order.

14. Notice of the attached funds in the total amount of $300,000 was served upon the Defendant on October 16, 2007 via email and registered mail, return receipt requested pursuant to Local Admiralty Rule B.2. *See October 16, 2007 Letter of Notice to the Defendant annexed hereto as Exhibit "2."*

15. On or about October 17, 2007, a representative of Fu Bai Hang contacted the undersigned via telephone and requested that copies of all the pleadings in this action and notice of the attachment be sent to fubaihang100@sina.com.

16. Notice of the attached funds in the total amount of $300,000 was successfully served upon the Defendant on October 17, 2007 via email to "fubaihang100@sina.com pursuant to Local Admiralty Rule B.2. *See October 17, 2007 Letter of Notice to the Defendant annexed hereto as Exhibit "3."*

17. Despite the notices provided, Fu Bai Hang failed to formally appear in the action or file a responsive pleading. More than 45 days have elapsed since the date of service as evidenced in exhibits "2" and "3."

18. In addition, copies of all of the pleadings are annexed hereto as Exhibit "4."

19. "In Federal Practice, a defendant having been served with process who fails to make timely appearance or answer is subject to judgment by default under Rule 55(a)." *See Danish Fur Breeders Association v. Olga Furs, Inc., Hatzis Bros.*, 1990 U.S. Dist. LEXIS 4779, at *4 (S.D.N.Y 1990); *see also* Fed. R. Civ. P. 55; *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).

20. Further, it is the general rule in admiralty actions for prejudgment interest to be awarded, and courts routinely award prejudgment interest as an element of a party's damages. The purpose of such an award under the maritime law is to ensure that an injured party is fully compensated for the loss suffered. *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995); *Atlantic Mut. Ins. Co. v. Napa Transport, Inc.*, 399 F. Supp. 2d 523, 525 (S.D.N.Y. 2005). While the rate of an award of prejudgment interest is within the discretion of the court, a successful plaintiff should be awarded prejudgment interest unless extraordinary circumstances exist to avoid such an award. *Independent Bulk Transport Inc. v. MORANIA ABACO*, 676 F.2d 23, 25 (2d Cir. 1983); *see also Mentor Ins. Co. v. Brannkasse*, 996 F.2d 506, 520 (2d Cir. 1993) ("In the absence of exceptional circumstances, prejudgment interest should be granted in admiralty actions"); *Jurgens Maschinebau GmBH & Co. v. Blue Anchor Lines*, 2005 LEXIS 10371, at *5 (May 16, 2005)(prejudgment interest should be denied "only where peculiar, unusual or exceptional circumstances would make such an award inequitable.") There is nothing peculiar, unusual or exceptional in this case that would justify the denial of prejudgment interest to the Plaintiff.

21. In addition, Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that default judgment may be entered upon proof that the plaintiff has given notice to the defendant by mailing the complaint, summons, and process of attachment,

using any form of mail requiring a return receipt notice. *See Exhibit "4" which contains all of the pleadings filed pursuant to this action.*

22. Accordingly, as the requirements of Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims have been met, and Plaintiff has failed to make an appearance, Plaintiff is entitled to default judgment under Rule 55 of the Fed. R. Civ. P.

23. A proposed default judgment is annexed hereto as Exhibit "5."

24. The defendant is not an infant, incompetent or in the military.

25. Plaintiff respectfully requests that a judgment of default be entered against Defendant Fu Bai Hang in the sum of **$243,290.09** plus applicable post-judgment interest. *See Statement of damages annexed hereto as Exhibit "6."*

Dated: Southport, CT
February 21, 2008

Respectfully submitted,

The Plaintiff,
INDUSTRIAL CARRIERS INC.,

By: /s/ Lauren C. Davies
Lauren C. Davies (LD 1980)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY
(212) 354-0025
(fax)(212) 869-0067
ldavies@tisdale-law.com

Sworn to and subscribed before me
this 21th day of February, 2008

_____
Notary Public

5