# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDUSTRIAL CARRIERS INC.,

        Plaintiff,

- against -

FU BAI HANG SHIPPING,

        Defendant.
------------------------------------------------------------X

JUDGE CROTTY

07 CIV 5640
ECF CASE

RECEIVED JUN 13 2007 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, INDUSTRIAL CARRIERS INC. (hereinafter referred to as "Plaintiff" or "ICI"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, FU BAI HANG SHIPPING, (hereinafter referred to as "Defendant" or "Fu Bai"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was, at all material times, the time charter owners of the M/V "MARTHA PROVIDENCE" (hereinafter referred to as the "Vessel").

3. Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, and was at all material times the charterer of the Vessel.

4. By a charter party recap dated April 27, 2007, the Plaintiff chartered the Vessel to the Defendant for voyage with a cargo of nickel.

5. During the course of the charter, certain disputes arose between the Plaintiff and Defendant regarding the Defendant's breaches of the charter party agreement including failure to pay the agreed upon advance after nomination of the vessel and other breaches which resulted in the cancellation of the charter.

6. As a result of Defendant's breaches of the charter party contract, Plaintiff has sustained damages in the total principal amount of **$235,541.00** exclusive of interest, arbitration costs and attorney's fees.

7. The charter party provided that any disputes arising thereunder shall be referred to the High Court in London or London Arbitration with English law to apply.

8. Plaintiff will soon commence arbitration in London pursuant to the charter party.

9. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $235,541.00 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $49,029.76 |
| C. | Estimated attorneys' fees: | $50,000.00 |
| D. | Arbitration costs: | $50,000.00 |
| **Total** | | $384,570.76 |

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

2

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of $384,570.76.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $384,570.76 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial

3

institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

    D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

    E.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: June 13, 2007
       New York, NY

                              The Plaintiff,
                              INDUSTRIAL CARRIERS INC.,

                              By: _____
                              Lauren C. Davies (LD 1980)
                              Thomas L. Tisdale (TT 5263)
                              TISDALE LAW OFFICES LLC
                              11 West 42nd Street, Suite 900
                              New York, NY 10036
                              (212) 354-0025 – phone
                              (212) 869-0067 – fax
                              ldavies@tisdale-law.com
                              ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    June 13, 2007
          New York, NY

_____
Lauren C. Davies

5

Attorney: MARONEY O'CONNOR LLP - 1556

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Index #: 14789/05

VAZHA DARAKHVELIDZE ET ANO

Plaintiff(s)

- against -

Date Filed: February 9, 2007

HUNTER ASSOCIATES, LLC ET ANO

Defendant(s)

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

DAVID KLEINBERG BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on January 26, 2007 at 04:07 PM at

21-31 BREWSTER STREET APARTMENT 313
GLEN COVE, NY 11542

deponent served the within true copy/copies of the 3RD PARTY SUMMONS & 3RD PARTY COMPLAINT on GIORGI TKABLADZE D/B/A SAKARTVELO CONSTRUCTION, the defendant/respondent therein named,

**AFFIXING TO DOOR**
by affixing a true copy/copies of each to the door of said premises, which is the defendant's/respondent's dwelling house/usual place of abode within the state. Deponent was unable, with due diligence to find the defendant/respondent or a person of suitable age and discretion, thereat, having called there on:

January 20, 2007 AT 8:50 PM            January 22, 2007 AT 7:55 AM
January 26, 2007 AT 4:07 PM

**MAILING**
Deponent enclosed a true copy/copies of same in a postpaid wrapper properly addressed to the defendant/respondent at the defendant's/respondent's last known residence at

21-31 BREWSTER STREET APARTMENT 313
GLEN COVE, NY 11542

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on January 29, 2007 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the party to be served.

**MILITARY SERVICE**
Person spoken to was asked whether the defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

Sworn to me on: January 29, 2007

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

DAVID KLEINBERG

Docket #: 457493

JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
INDUSTRIAL CARRIERS INC.,

        Plaintiff,

  - against -

FU BAI HANG SHIPPING,

        Defendant.
----------------------------------------X

07 CV 5640

07 CV _____
ECF CASE

RECEIVED
JUN 13 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## DISCLOSURE OF INTERESTED PARTIES PURSUANT TO FEDERAL RULE 7.1

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure to enable judges and magistrates of the court to evaluate possible disqualification or recusal, the undersigned attorney of record for the Plaintiff certifies that the following are corporate parents, subsidiaries, or affiliates of the Plaintiff:

        NONE.

Dated: June 13, 2007
       New York, NY

The Plaintiff,
INDUSTRIAL CARRIERS INC.,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

Docket no. 07 cv 5640

## THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 13th day of June 2007 by

### INDUSTRIAL CARRIERS INC.

Plaintiff,

against

### FU BAI HANG SHIPPING,

Defendant,

in a certain action for breach of maritime contract and indemnity wherein it is alleged that there is due and owing from the Defendant to the said Plaintiff the amount of **$384,570.76** and praying for process of maritime attachment and garnishment against the said Defendant,

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendant shall serve its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, Deutsche Bank Trust Company, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A.

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

### FU BAI HANG SHIPPING

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of said Court, this ___ day of June 2007, and of our Independence the two-hundred and thirty-first.

Tisdale Law Offices LLC
Attorneys for Plaintiff
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025

J. MICHAEL McMAHON
Clerk

By: _____
Deputy Clerk

NOTE: *This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
INDUSTRIAL CARRIERS INC.,

        Plaintiff,

- against -

FU BAI HANG SHIPPING,

        Defendant.
----------------------------------------X

JUDGE CROTTY

07 CIV 5640

ECF CASE

## EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

WHEREAS, on June 13, 2007 Plaintiff, INDUSTRIAL CARRIERS INC. filed a Verified Complaint herein for damages against the Defendant, FU BAI HANG SHIPPING amounting to $384,570.76 and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendant's property within the District of this Court; and

WHEREAS, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist;

NOW, upon motion of the Plaintiff, it is hereby:

ORDERED, that Pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-

charter hire or any other funds or property up to the amount of $384,570.76 belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further order of the Court; and it is further

ORDERED that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

ORDERED that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

Dated: June 14, 2007

SO ORDERED:

_____
U. S. D. J.

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY _____
DEPUTY CLERK
6/14/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
INDUSTRIAL CARRIERS INC.,               :

               Plaintiff,            :            07 CV 5640
                                        ECF CASE
   - against -                       :

FU BAI HANG SHIPPING,                   :

              Defendant.            :
---------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                           ) ss: SOUTHPORT
County of Fairfield   )

     Lauren C. Davies, being duly sworn, deposes and says:

     1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

     2.    I have attempted to locate the Defendant, FU BAI HANG SHIPPING, within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory all area codes within the District, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find a listing for the Defendant. Finally, I checked the New York State Department of Corporations' online database which showed no listing or registration for the Defendant. I was also unable to find any information to indicate that the Defendant has a general or managing agent within the District.

3.   I submit that Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.   Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within the District.

5.   This is Plaintiff's first request for this relief made to any Court.

Dated: June 13, 2007
       Southport, CT

_____
Lauren C. Davies

Sworn and subscribed to before me
this 13th day of June 2007.

_____
Notary Public

—2—